# IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
## WESTERN DISTRICT
## CIVIL DIVISION

PARKER LAW FIRM AND
TIM PARKER                                                              Plaintiffs

v.                         No. 08 WCV-19-1

THE TRAVELERS INDEMNITY COMPANY,                                        Defendants
PS FINANCE, LLC AND EUREKA WOODWORKS, INC.

## COMPLAINT

Come Now the Plaintiffs, Parker Law Firm and Tim Parker, by and through their attorney, Tim Parker for their Complaint against the Defendants Travelers Insurance Company, PS Finance, LLC and Eureka Woodworks, Inc. and state as follows:

### The Parties, Jurisdiction and Venue

1. Parker Law Firm is a law firm with a physical address of 104 Spring Street, Eureka Springs, Carroll County, Arkansas 72632. For all purposes associated with this action, Parker Law Firm is a resident of Carroll County, Arkansas. Parker Law Firm provides legal services in the State of Arkansas. Plaintiff Tim Parker is licensed to practice law in the States of Arkansas, Tennessee and Missouri. Tim Parker is also a resident of Carroll County, Arkansas.

2. Defendant The Travelers Indemnity Company ("Travelers) is a resident of the State of Connecticut where it is domiciled and has its principal place of business with an address of One Tower Square, Hartford Connecticut 06183. Travelers is licensed to do

1


EXHIBIT 1

and doing business in the State of Arkansas. Travelers has agents located in Carroll County, Arkansas that sell insurance policies on its behalf. According to the Arkansas Insurance Department its Registered Agent for Service of Process is Ernest J. Wright, One Tower Square, Hartford, Connecticut 06183.

3. PS Finance, LLC ("PSF") is a New York Corporation with its principal place of business located in Staten Island, New York with an address of 183 New Dorp Lane, Staten Island, New York 10306. PSF is named as a party to this action because it claims a financial interest in the matters that are the subject of this litigation and in whose absence complete relief may not be afforded to all parties. Because PSF is claiming damages due to money it has claimed was in the possession of Parker Law Firm, this court has specific, personal jurisdiction as well as *In Rem or Quasi In Rem* jurisdiction over PSF. Additionally, this court also has personal jurisdiction over PSF pursuant to the provisions found at ACA § 17-24-401 because it has solicited accounts in this state by mail, telephone, telegraph or other means originating outside the State of Arkansas or the taking or accepting for collection of any account or accounts in the State of Arkansas by mail, telephone, telegraph or other like means.

4. Defendant Eureka Woodworks, LLC ("Eureka Woodworks") was originally a corporation formed under the laws of the State of Texas and had it principal place of business located in Texas. However within the last two (2) years, Eureka Woodworks has sold off its corporate assets and now has its principal place of business located in Eureka Springs, Carroll County, Arkansas where its President Harry Wilk currently resides with an address of 1110 Pivot Rock Road, Eureka Springs, Arkansas 72632.

Eureka Woodworks is made a party to this action because in its absence complete relief cannot be afforded to the remaining parties.

5. This complaint contains claims against Travelers for Breach of Contract, for Declaratory Judgment and for Injunctive Relief. The Plaintiffs request a declaratory judgment from the court to the effect that the claims filed by PSF against Parker are covered under the insurance policy issued by Travelers to Parker. The Plaintiffs also seek a ruling, order or injunction from this court compelling Travelers to provide a legal defense and/or coverage to its insureds, Parker Law Firm and Tim Parker with respect to the litigation filed against them in the State of New York as well as any counterclaim filed against them by PSF in this action. The Plaintiffs also seek a judgment for damages against Travelers for failure thus far to provide a defense under its policy with Parker.

6. The claims against Travelers pertain to a contractual policy of commercial insurance sold by Travelers by and through its agent Bare and Swett Insurance Agency in Eureka Springs, Arkansas to Parker Law Firm and/or its President Tim Parker. The policy of insurance at issue was sold in the Western District of Carroll County, Arkansas and delivered to the Plaintiffs in the Western District of Carroll County, Arkansas. The insurance policy at issue was sold by Travelers to Parker Law Firm and Tim Parker through its authorized representative, Bare and Swett Insurance, which has an office address of 105-G Passion Play Road, Eureka Springs, Arkansas 72632. The sale of the insurance policy at issue and the payment of all premiums occurred in Eureka Springs, Carroll County, Arkansas.

7. This complaint also contains Claims for Declaratory Judgment, Breach of Contract and Abuse of Civil Process against PSF to the effect that neither Parker Law Firm nor Tim Parker owe anything to PSF by virtue of the contract dated on or about March 14, 2012 between PSF and Eureka Woodworks. A copy of that contract is attached hereto as Exhibit A and is incorporated by reference as if set out fully herein. Pursuant to the express terms of that written contract, PSF advanced to Eureka Woodworks the sum of one hundred thousand dollars ($100,000.00) to Eureka Woodworks and in consideration took an assignment from Eureka Woodworks of a high interest rate percentage of the proceeds of "any judgment, settlement or verdict" received by Eureka Woodworks on its claim arising out of the Deepwater Horizon Oil Spill that occurred in the Gulf of Mexico on or about April 20, 2010. PSF has previously filed a claim against Parker Law Firm and Tim Parker in Staten Island, New York in the Supreme Court of Richmond County, New York. Essentially, PSF is claiming that it is owed certain sums of money that passed through Parker Law Firm as interim payments from the Gulf Coast Claims Commission which handled claims against British Petroleum Corporation related to the Deepwater Horizon Oil Spill of April 20, 2010.

8. Pursuant to the aforementioned contract between PSF, Eureka Woodworks and Parker Law Firm, Eureka Woodworks and/or Parker Law Firm would owe PSF money out of any "judgment, settlement or verdict" obtained on the claim of Eureka Woodworks on account of the Deepwater Horizon Oil Spill that occurred on or about April 20, 2010. Pursuant to this contract, any performance by Parker Law Firm would occur in Carroll County, Arkansas where Parker Law Firm was located and where it maintained its bank accounts and the personal property of its clients. Pursuant to the

legal claim filed in Staten Island, New York filed by PSF against Parker Law Firm, Tim Parker and Eureka Woodworks the alleged breach of this contract by Parker Law Firm, Tim Parker and Eureka Woodworks and the resulting damages to PSF occurred in Carroll County, Arkansas. Pursuant to the language of its New York claim, PSF claimed ownership in personal property represented by certain funds and checks in the care and custody of Parker Law Firm which PSF claims were damaged due to the alleged breach of this contract. In essence, PSF claimed that it owned personal property located at Parker Law Firm, 104 Spring Street, Eureka Springs, Arkansas.

9. This court has specific personal jurisdiction over all parties to this cause of action. This court has subject matter jurisdiction pursuant to the Civil Justice Reform Act of 2003 and/or Amendment 80 to the Arkansas Constitution. Venue is proper in the Western District of Carroll County, Arkansas pursuant to the Civil Justice Reform Act of 2003.

## Factual Background

10. In 1999 Parker Law Firm was formed. It has been in business at 104 Spring Street, Eureka Springs, Arkansas since that time, offering legal services to the public primarily through attorney Tim Parker. Throughout this time, it has been continually insured by Travelers under what Travelers has described as "A Custom Insurance Policy Prepared for Parker Law Firm, LTD, Tim S. Parker, P.O. Drawer 470, Eureka Springs, Arkansas 72632." For all years beginning in 1999 through the current date, Tim Parker and Parker Law Firm have paid good and valuable consideration in the form of insurance premiums for this insurance coverage and the security it provided.

11. A copy of the current policy of insurance and corresponding declarations pages issued by Travelers to Parker is attached hereto as "Exhibit B" and is incorporated by reference as if set out fully herein. Based upon information and belief, the same policy was in effect from January 1, 2012 to the current date.

12. On or about April 20, 2010 the Deepwater Horizon Oil rig exploded, dumping extreme amounts of oil into the Gulf of Mexico. ("The Deepwater Horizon Incident"). At the time of this explosion the Deepwater Horizon Oil Rig where this explosion occurred was the property of British Petroleum Corporation ("BP"). As a direct, proximate result of the negligence charged to the agents and employees of BP that led to this explosion, numerous businesses located along the Gulf Coast sustained economic damages including, inter alia, those businesses and enterprises associated with the fishing industry and the hotel and tourism industries.

13. Eureka Woodworks at the time had its headquarters and principal place of business in Dallas, Texas and was engaged in the business of manufacturing and selling wooden display or advertising signs to various customers as well as wooden beach furniture to luxury hotels located along the Gulf Coast. As a direct, proximate result of the Deepwater Horizon Oil Spill, Eureka Woodworks lost sales to these customers and suffered significant economic damages.

14. BP in response to the inevitable multitude of claims that it was facing as a result of the negligence that resulted in the Deepwater Horizon Oil Spill, set up the Gulf Coast Claims Commission ("GCCF") to administratively handle claims filed against it. BP funded the claims apparatus with a $20 billion trust. On or about August 23, 2010 GCCG began accepting claims. Kenneth Feinberg was appointed to administer the trust

and oversee the claims process. Eventually Feinberg came under criticism for denying claims based upon "lack of proper paperwork." On June 4, 2012 Feinberg's program was replaced by a court supervised program which was named the Deepwater Horizon Claims Center.

15. Eureka Woodworks filed its claim for damages through the GCCF and afterwards through the court supervised program. Eureka Woodworks hired attorney Mikel Watts of Watts Guerra Law Firm located in San Antonio, Texas to directly handle the claim with Tim Parker and Parker Law Firm acting as counsel in Arkansas where Eureka Woodwork's President Harry Wilk resided.

16. After this Deepwater Horizon claim was filed, Harry Wilk entered into negotiations with PSF to obtain funding on behalf of Eureka Woodworks in the amount of one hundred thousand dollars ($100,000.00). As consideration for this funding, Eureka Woodworks executed a contract with PSF under which it assigned a portion of any money received by "judgment settlement or verdict" on its claim arising out of the Deepwater Horizon Oil Spill. A copy of that contract is attached hereto as Exhibit A and is incorporated word for word as if set out fully herein. Significantly, this contract was drawn up by PSF, its attorneys, agents, servants or employees. Pursuant to the language of its very own contract, specifically page 3, paragraph 2, PSF was to be repaid by Eureka Woodworks, Inc ("Eureka Woodworks") out of any money obtained from any "judgment, settlement or verdict" obtained by Eureka Woodwork, from BP. Significantly, Page 3, paragraph 3 (b) further states in bold face type that " .... in the event there is no recovery from settlement, judgment or verdict in this Action, **Plaintiff will owe no money to PSF and Plaintiff will have no liability whatsoever to PSF."**

Parker Law Firm agreed to withhold money from any "judgment, settlement or verdict" that might be owed by Eureka Woodworks to PSF to repay PSF for any money that Eureka Woodworks might owe to PSF pursuant to the aforementioned contract.

17. Although Eureka Woodworks received two (2) interim payments from the Gulf Coast Claims Commission while awaiting its anticipated settlement, the claim of Eureka Woodworks was eventually dismissed in a Denial Notice dated April 18, 2013 from the Deepwater Horizon Claims Center. A copy of that notice is attached hereto as "Exhibit C" and is incorporated by reference as if set out fully herein. Appeals of that denial were summarily rejected. Accordingly, Eureka Woodworks never received any monies from "judgment settlement or verdict" from its claim for damages relating to the Deepwater Horizon Oil Spill.

18. Because the interim payments were not money obtained from "judgment, settlement or verdict" as per the terms of Eureka Woodwork's contract with PSF, no obligation existed under which Eureka Woodworks was to pay PSF out of this interim payment money. Accordingly, neither Parker Law Firm nor Tim Parker had any right or obligation to withhold any portion of this money and pay it over to PSF. In fact Harry Wilk, President of Eureka Woodworks made demand upon Tim Parker and Parker Law Firm to turn the money from interim payments over to Wilk. This demand included money from the first interim payment deposited into the Parker Law Firm IOLTA Trust and the second interim payment check that was located at Parker Law Firm. In accordance with the legal demands of both Harry Wilk and Eureka Woodworks, Parker Law Firm and Tim Parker turned the interim payment money due to Eureka Woodworks over to Wilk. The address of Parker Law Firm at the time of these events was 104

Spring Street, P.O. Box 470, Eureka Springs, Arkansas, the address and premises insured under the insurance policy issued by Travelers to Parker. The money from the first interim payment at issue was located in the accounts of Parker Law Firm. The check from GCCF representing the second interim payment was delivered to Harry Wilk by Parker Law Firm at Parker Law Firm in Eureka Springs, Arkansas in accordance with the requirements of Rule 1.15 of the Arkansas Rules of Professional Conduct.

19. In a letter dated March 17, 2017 Maryann Kolozian of PSF made written demand upon Parker Law Firm for payment ostensibly pursuant to the contract between itself and PSF. A copy of that letter is attached hereto as Exhibit D and is incorporated by reference as if set out word for word fully herein. The letter was mailed by certified mail and faxed to Parker Law Firm.

20. Tim Parker and Parker Law Firm immediately responded to Kolozian's March 17, 2017 letter with a letter of their own dated March 17, 2017 that correctly and accurately pointed out that according to the language of PSF's very own contract, repayment was be from the proceeds of any judgment, settlement or verdict and that PSF was to be paid only if there was a judgment, settlement or verdict. A copy of that letter is attached hereto as "Exhibit E" and is incorporated by reference as if set out fully herein.

21. In 2017 PSF filed a Motion for Summary Judgment in Lieu of Complaint against Tim Parker, Parker Law Firm and Eureka Woodworks in Staten Island, New York in Richmond County Supreme Court in the case styled PS Finance, LLC v. Eureka Woodworks, Inc., et al , Index No 150833/2017. The legal action alleged that Tim Parker and/or Parker Law Firm in 2012 gave to their clients, Harry Wilk and Eureka

Woodworks, Inc. sums of money and/or checks that PSF claimed represented money owed to it by virtue of a lien or other encumbrance it claimed to monies from any "verdict settlement or judgment" that Harry Wilk and/or Eureka Woodworks, Inc. obtained against British Petroleum Company, the Gulf Coast Claims Commission or the Deepwater Horizon Economic and Property Settlement Program (Collectively, "BP") which administered claims arising out of the Deepwater Horizon Oil spill that occurred in the Gulf of Mexico on or about April 20, 2010 when the Deepwater Horizon Oil rig exploded, dumping extreme amounts of water into the Gulf of Mexico ("The Deepwater Horizon Incident").

22. Copies of the Summons and key documents in the legal paperwork that was served upon Tim Parker and Parker Law Firm entitled "Memorandum Brief in Support of Motion for Summary Judgment in Lieu of Complaint" are attached hereto as "Exhibit F" and are incorporated by reference as if set out fully herein.

23. Pursuant to the language of its very own contract, specifically page 3, paragraph 2, PSF was to be repaid by Eureka Woodworks, Inc ("Eureka Woodworks") out of any money obtained from any "judgment, settlement or verdict" obtained by Eureka Woodwork, from BP. In fact, Eureka Woodworks never received any monies from "judgment settlement or verdict" from BP. Page 3, paragraph 3 (b) further states in partially bold face type that " .... in the event there is no recovery from settlement, judgment or verdict in this Action, **Plaintiff will owe no money to PSF and Plaintiff will have no liability whatsoever to PSF.**" Parker Law Firm agreed to withhold money from any "judgment, settlement or verdict" that might be owed by Eureka Woodworks to PSF.

24. Eureka Woodworks never obtained or received any money by way of "judgment, settlement or verdict" against BP. thus, pursuant to the terms of the contract drawn up by PSF, its attorneys, agents servants or employees, never incurred any obligation to repay the funding from PSF. In fact, the claim of Eureka Woodworks based upon the Deepwater Horizon Oil Spill was eventually dismissed as well as any and all appeals of its claim for the reason that Eureka Woodworks with its headquarters and principal place of business located in Dallas, Texas was outside the geographic area or "eligibility zone" for settlement of claims related to the Deepwater Horizon Oil Spill. A copy of the Denial Notice from Deepwater Horizon Claims Center dated March, 2013 attached hereto as "Exhibit C" attests to this fact. Accordingly, it is the logical and legal position of Tim Parker and Parker Law Firm that no money was ever received from Eureka Woodworks as a result of any "judgment, settlement or verdict" on its claims against BP. Notwithstanding that fact, Tim Parker and Parker Law Firm were nevertheless sued by PSF in the aforementioned Richmond County New York Supreme Court legal action. Although Eureka Woodworks did sign off on a forum selection clause agreeing that any action against it could be brought in the State of New York, neither Tim Parker nor Parker law firm signed off on any such consent to jurisdiction in New York, nor did they agree to arbitrate any claims against them.

25. After receiving the New York legal papers from the private process server hired by PSF, Tim Parker timely delivered the lawsuit paperwork to insurance agent Chris McClung of Bare and Swett insurance agency and requested that a defense and coverage be provided by Travelers to Tim Parker and Parker law Firm. He shortly thereafter on April 20, 2017 wrote a letter to Mr. McClung confirming delivery of the New

11

York lawsuit papers to McClung's Bare and Swett office. A copy of that letter is attached hereto as "Exhibit G" and is incorporated by reference as if set out herein.

26. McClung expeditiously forwarded the letter and lawsuit papers on to Travelers which thereafter denied its obligation to provide either coverage or a defense.

27. On May 29, 2017 Tim Parker again wrote to Chris McClung again demanding that Travelers provide coverage and a defense. A copy of that letter is attached hereto as "Exhibit H" and is incorporated by reference as if set out fully herein.

28. On June 6, 2017 Ira J., Cooper of Travelers wrote to Tim Parker denying coverage or the obligation to provide a defense. A copy of that letter is attached hereto as "Exhibit I" and is incorporated by reference as if set out fully herein.

29. Following the refusal of Travelers to honor the language of its own policy and provide coverage and a legal defense to them, Tim Parker and Parker Law Firm hired New York counsel to represent them in that case. Both sides moved for Summary Judgment. The presiding judge, Hon. Orlando Marrazzo, denied all motions for summary judgment and dismissed the New York case stating that his court did not have jurisdiction at this juncture. He also directed the parties to arbitration. A copy of his Order dated December 14, 2017 is attached hereto as "Exhibit J" and is incorporated by reference as if set out fully herein.

30. It is the position of PSF in its New York legal actions that Tim Parker and/or Parker Law Firm distributed money to Eureka Woodworks and/or its President Harry Wilk that belonged to PSF by virtue of the contract forming the basis of its New York legal action. Tim Parker and Parker Law Firm vehemently disagree for the simple reason that this money did not come from any "Judgment, Settlement or Verdict"

obtained by Eureka Woodworks from BP. Notwithstanding this fact, PSF nevertheless has made a claim in New York to this money or a significant portion thereof.

31. The Travelers policy with Parker Law Firm contains language of Traveler's own choosing drafted by itself, its employees or professionals, including attorneys or insurance specialists. Accordingly, any terms or provisions in that policy that are vague or ambiguous should be interpreted against Travelers as a matter of law. Moreover, the plain language of those provisions of the policy that favor coverage to Parker Law Firm and/or Tim Parker should be strictly enforced against Travelers.

32. Significantly, and importantly, Page 1 of 39, Paragraph 1 b of the Travelers custom policy states that "covered personal property" to "Property of others that is in your care custody and control" as well as "Money and Securities."

33. The New York lawsuit of PSF is specific, at least in part. It is the position of PSF that the Tim Parker and/or Parker Law Firm gave money and/or checks from BP to Harry Wilk and/or Eureka Woodworks that PSF claims was the property of PSF. While Tim Parker and Parker Law Firm vehemently deny these accusations and claims, such nevertheless represent the position of PSF in the New York legal proceedings.

34. Neither Tim Parker nor Parker Law Firm ever provided legal representation to PSF. In fact, according to the contract between PSF, Eureka Woodworks and Parker, the sole obligation of Parker to PSF pursuant to the contract was the ministerial duty of disbursement and furnishing requested information as outlined in the contract. Accordingly, the claim of PSF is not based upon any breach of a professional duty regarding professional services owed by Tim Parker or Parker Law Firm to PSF. In fact

there were no professional duties owed by Parker to PSF pursuant to this very language of the contract drawn up by PSF.

35. To date, Travelers has failed and refused to provide either a legal defense or coverage to Tim Parker or Parker Law Firm. As a matter of law the duty to provide a defense is different and distinct from the duty to pay damages.

36. To date, Tim Parker and Parker Law Firm have incurred attorney's fees approaching twenty thousand dollars ($20,000.00) in defending the New York lawsuit and the upcoming arbitration. PSF is requesting damages exceeding seven hundred thousand dollars ($700,000.00) pursuant to the March 17, 2017 letter from Maryanne Kolozian that is attached as "Exhibit D."

37. It is the position of both Tim Parker and Parker Law Firm that they are not subject to personal jurisdiction in New York courts nor have they agreed to be bound by arbitration for the reason that they signed no agreements consenting to jurisdiction in New York nor to arbitration nor do they have the necessary minimum contacts with New York so as to permit a New York court to exercise personal jurisdiction over them. Accordingly, they demand a legal defense to any future New York litigation for these reasons as well.

## Cause of Action No. 1
### Breach of Contract, a Claim Against Travelers

38. Paragraphs one (1) through thirty-seven (37) are realleged and incorporated by reference as if set out fully herein.

39. Tim Parker and/or Parker Law Firm paid good and valuable consideration for the insurance policy and contractual policy of insurance issued to them by Travelers.

40. To date, Travelers has failed and refused to honor its contractual obligation under the aforementioned insurance contract and is accordingly in breach of that contractual agreement.

41. As a direct proximate result of this breach by Travelers, Tim Parker and Parker Law Firm have incurred and will in the future continue to incur injuries and damages including any judgment rendered against them in New York, their attorneys fees, court costs, time lost from work, litigation expenses, and lost profits from legal work that would otherwise be getting performed in Arkansas and Missouri, out of pocket expenses, travel expenses, emotional distress and all other damages recoverable at law.

### Cause of Action No. 2
### Request for Injunctive Relief Compelling Travelers to Provide a Defense to Plaintiffs and Pay Any Claims of PSF

42. Paragraphs one (1) through forty-one (41) are realleged and incorporated by reference as if set out fully herein.

43. Based upon the language of the Travelers policy with Parker Law Firm and Tim Parker, the claims of PSF are covered and should be paid by Travelers in the event Tim Parker or Parker Law Firm are held liable or accountable on the claims of PSF.

44. As a matter of law, the obligation of an insurer to provide a defense to its insured and the obligation to pay claims against of third parties against its insured are separate and distinct legal obligations.

45. To date, Travelers has failed and refused to provide either Tim Parker or Parker Law Firm with a legal defense in the New York litigation and/or arbitration.

46. Tim Parker and Parker Law Firm request an injunction from this court compelling Travelers to provide a defense to them in the New York litigation, including the currently pending arbitration before the American Arbitration Association as well as to pursue all other available legal remedies in defense of the claims of PSF. Tim Parker and Parker Law Firm also requests that they be awarded their attorney's fees paid to New York counsel and to Tim Parker and Parker Law Firm for the time and expenses incurred in defending themselves in the New York legal proceedings and for statutory penalties all pursuant to ACA § 23-79-208.

## Cause of Action No. 3,
## A Claim Against PSF for Declaratory Judgment

47. Paragraphs one (1) through forty-six (46) are realleged and incorporated by reference as if set out fully herein.

48. Pursuant to the language of page three (3) its very own contract that was drawn up by the employees, agents, servants and/or attorneys of PSF, if there was no recovery by "Judgment, Settlement or Verdict" by Eureka Woodworks on its claim against BP, Eureka Woodworks would owe no money to PSF and Eureka Woodworks would have no liability whatsoever to PSF. This provision was stated in bold letters in PSF's contract.

49. This contract was drawn up by PSF, its attorneys, agents, servants or employees. Accordingly, any ambiguities or uncertainties should be interpreted against PSF as a matter of law. Moreover any terms that defeat or limit the claims of PSF against Tim Parker or Parker Law Firm should be strictly construed against PSF.

50. Eureka Woodworks obtained no "judgment, settlement or verdict" on its claims relating to the Deepwater Horizon Oil Spill. Accordingly, neither Eureka

Woodworks nor Parker had any to pay PSF any monies. This being the case, Parker had no right or obligation to take money belonging to their client Eureka Woodworks and surrender it to PSF in light of this fact. Accordingly, Parker requests a Declaratory Judgment from the court to this effect.

## Cause of Action No. 4,
## A Claim for Breach of Contract Against PSF

51. Paragraphs one (1) through fifty (50) are realleged and incorporated by reference as if set out fully herein.

52. By suing Parker Law Firm and Tim Parker in the Supreme Court of Richmond County, New York as stated above on causes of action that claim a debt and monetary obligations that are clearly not owed pursuant to the terms of its own contract, PSF is in breach of its contract with Tim Parker and Parker Law Firm.

53. As a direct, proximate result of this breach, Parker has incurred litigation expenses, including attorney's fees in defending against these frivolous claims. Moreover, Neither Tim Parker nor Parker Law Firm ever consented to jurisdiction in New York nor agreed to arbitrate any claims in New York. Accordingly, they have been compelled to litigate in a jurisdiction in which personal jurisdiction does not exist and any such attempts by PSF to invoke personal jurisdiction over Parker such offends the Due Process Clause of Amendment Fourteen to the United States Constitution as reflected in the case of International Shoe v. Washington, 326 U.S. 310 (1945).

## Cause of Action No. 5
## Abuse of Civil Process, a Claim Against PSF

54. Paragraphs one (1) through fifty-three (53) are realleged and incorporated by reference as if set out fully herein.

55. The legal proceedings in New York were instigated in 2017 and continued to date by PSF in bad faith and in complete disregard to the language of its very own contract. Stated another way, PSF has instituted civil process in the State of New York while stated in proper form, was nevertheless instituted wrongfully and unlawfully for purposes for which it was not intended, specifically in an attempt to collect an alleged debt that is clearly not owed pursuant to the express terms of the PSF contract with Eureka Woodworks. Simply put, the New York proceedings were instituted by PSF in a deliberate, bad faith attempt to collect an alleged debt that is clearly not owed as per the terms of its very own contractual document drafted by PSF, its attorneys, agents, servants or employees and containing language of its own choosing. Accordingly the New York legal proceedings were instituted and/or continued with malice and without probable cause as to the merits.

## Cause of Action No. 6
## A Contingent Claim Against Eureka Woodworks

56. Paragraphs one (1) through fifty-five (55) are realleged and incorporated by reference as if set out fully herein.

57. In the event this court or any other rules against Parker Law Firm and Tim parker with respect to any claims or counterclaims of PSF against Tim Parker and/or Parker Law Firm, then in such event Tim Parker and Parker Law Firm pray for judgment

over against Eureka Woodworks for reimbursement of any and all monies paid by Tim parker or Parker Law Firms to PSF by virtue of the contract at issue.

### Relief Requested, Damages and Jury Demand

58. Paragraphs one (1) through fifty-seven (57) are realleged and incorporated by reference as if set out fully herein.

59. Tim Parker and Parker Law Firm prays for a declaratory judgment to the effect that under the language and express terms contained in the contract between PSF and Eureka Woodworks, nothing is owed to PSF by Eureka Woodworks, Tim Parker or Parker Law Firm due to the fact that no money was obtained by "judgment, settlement or verdict" by Eureka Woodworks on its Deepwater Horizon Claim. Tim Parker and Parker Law Firm also request an order from the court to the effect that Travelers owes a legal defense to them on the New York claims of PSF and on any counterclaim filed by PSF against them in this case. They also request an order from the court to the effect that the claim of PSF is covered under the language of the insurance policy issued by Travelers to Tim Parker and Parker Law Firm. The Plaintiffs furthermore pray for damages from PSF and Travelers on their claims for Breach of Contract and Abuse of Civil Process. Tim Parker and Parker Law Firm also seek their attorney's fees for those fees paid and owed to New York counsel as well as for legal fees for Tim Parker for the time expended by Tim Parker and Parker Law Firm in defending against the New York claims of PSF as well as attorneys fees and court costs in this action, and for all other just and proper relief. Statutory penalties and attorney's fees are also requested against Travelers pursuant to the provisions of ACA § 23-79-208.

60. Trial by jury is demanded.

Wherefore, premises considered, Tim Parker and Parker Law Firm pray for judgment against the defendants for the relief requested herein, for its attorneys fees, court costs, statutory penalties, damages awarded against them in any actions or legal proceedings by PSF, for the attorney time of Tim Parker in handling the New York litigation, litigation expenses, for an order compelling Travelers to provide Tim Parker and Parker Law Firm a defense to all legal actions filed against them by PSF including the arbitration before the American Arbitration Association and for all other just and proper relief. Trial by jury is demanded.

Respectfully submitted,
Tim Parker and Parker Law Firm

By: *[signature]*

Tim Parker #91112
Parker Law Firm
104 Spring Street
P.O. Box 470
Eureka Springs, Arkansas 72632
PH: 479-253-8732
Fax: 479-253-8539
*parkerlawfirm@sbcglobal.net*