IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**PARKER LAW FIRM and TIM PARKER**                              PLAINTIFFS

V.                              CASE NO. 3:19-CV-3014

**THE TRAVELERS INDEMNITY COMPANY;
PS FINANCE, LLC; EUREKA WOODWORKS, INC.;
and BARE AND SWETT AGENCY, INC. d/b/a
BARE AND SWETT INSURANCE**                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are:

- Plaintiffs Parker Law Firm's and Tim Parker's Motion to Remand to State Court (Doc. 17) and Affidavit (Doc. 16) and Brief in Support (Doc. 18), Defendant The Travelers Indemnity Company's ("Travelers") Response (Doc. 29) and Brief (Doc. 30), and Plaintiffs' Reply (Doc. 40) and Brief (Doc. 41);

- Travelers' Motion to Dismiss (Doc. 11) and Brief in Support (Doc. 12), Plaintiffs' Response (Doc. 34) and Affidavits (Docs. 31–33) and Brief (Doc. 35), and Travelers' Reply (Doc. 50);

- Defendant PS Finance, LLC's ("PSF") Motion to Dismiss (Doc. 26) and Brief in Support (Doc. 27), and Plaintiffs' Response (Doc. 46) and Brief (Doc. 47);

- Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 49), PSF's Response (Doc. 58), and Travelers' Response (Doc. 59); and

- Plaintiffs' Motion for Immediate and Permanent Injunctive Relief Preventing PSF from Pursuing Binding Arbitration (Doc. 51) and Brief in Support (Doc. 52), PSF's Response (Doc. 61), and Plaintiffs' Reply (Doc. 62).

For the reasons given below, all of Plaintiffs' motions are **DENIED**, and the motions filed by Travelers and PSF are both **GRANTED**.

## I. BACKGROUND

This is the second lawsuit in this Court between these Plaintiffs, Travelers, and PSF. In the first go-round, the Court granted Travelers' motion to dismiss, and dismissed Plaintiffs' complaint without prejudice. In that Opinion and Order, this Court described the background of the first lawsuit thus:

> In early 2017, Tim Parker and the Parker Law Firm were sued by PSF in the Richmond County Supreme Court in Staten Island, New York. PSF, a litigation-financing company, claimed that Mr. Parker and his law firm breached their contract, breached the covenant of good faith and fair dealing, and breached their fiduciary duty, by failing to pay PSF settlement funds that a Parker Law Firm client received through litigation that PSF had financed. After being served with the lawsuit papers, Mr. Parker delivered them to Travelers, with whom the Parker Law Firm had an insurance policy, and asked Travelers to provide coverage and a defense in the lawsuit. Travelers denied this request, on the grounds that the policy does not provide coverage for that type of event, and does not give rise to any duty to defend against that type of claim. Near the end of 2017, the Richmond County Supreme Court directed the parties in that lawsuit to arbitration. For clarity, that lawsuit and the subsequent arbitration will be referred to as "the New York Litigation" throughout this Opinion and Order.
>
> Half a year after those parties were directed to arbitration, Mr. Parker and the Parker Law Firm filed a Complaint in *this* Court against Travelers and PSF. Their Complaint asserts four causes of action against Travelers: breach of contract, violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), violation of the Arkansas Insurance Code Trade Practices Act, and a request for declaratory and injunctive relief compelling Travelers to provide a defense to them and to pay any of PSF's claims against them. All four of these counts concern Travelers' denial of Mr. Parker's and his law firm's request for coverage and defense in the New York Litigation. Essentially, they all boil down to the same contention: that Travelers is obligated under their insurance policy to provide coverage and a defense, and that by refusing to do so, Travelers has harmed them. Travelers has filed a Motion to Dismiss (Doc. 12) all of these claims against it under Fed. R. Civ. P. 12(b)(6).

*Parker Law Firm v. Travelers Indem. Co.*, 2018 WL 3999826, at *1 (W.D. Ark. Aug. 21, 2018).

This Court went on, first, to dismiss PSF from the case because "the Complaint itself never seeks . . . any . . . relief against PSF and, indeed, quite literally fails to state any claim at all against PSF." *See id.* at *2. Then the Court conducted a much more fulsome analysis of Plaintiffs' claims against Travelers, ultimately concluding that Plaintiffs' insurance policy with Travelers provided no coverage for the money that PSF sought to recover from Mr. Parker and his law firm in the New York Litigation, and no duty to defend Mr. Parker and his law firm in the New York Litigation. *See id.* at *2–*3. Typically, when this Court dismisses complaints at the Rule 12(b)(6) stage for failure to state a claim, it does so without prejudice because it may be theoretically possible for the claimant to allege more facts in subsequent litigation that might change the analysis. The Court adhered to that custom in the previous Parker Law Firm lawsuit, dismissing the complaint without prejudice.

Instead of appealing this Court's order of dismissal, seeking leave to file an amended complaint, or even filing a new action in federal court, Mr. Parker and his law firm filed a new lawsuit in *state* court, this time against not only Travelers and PSF, but also Eureka Woodworks, Inc. ("Eureka")—the previous Parker Law Firm client whose alleged receipt of settlement funds was the subject of the New York Litigation. Then, after Travelers informed Plaintiffs that it intended to remove that lawsuit to this Court, Plaintiffs filed an Amended Complaint in state court, adding as a defendant the insurance agency which sold them the Travelers policy at the heart of this lawsuit: Bare and Swett Agency, Inc. ("B&S"). The case was removed to this Court less than a week later. As can be seen

from the first page of the instant Opinion and Order, voluminous motion practice quickly followed.

All pending motions have been thoroughly briefed, and the Court has received oral argument on them. Below, the Court will first discuss Plaintiffs' motion to remand this matter back to state court. Then the Court will take up the motions to dismiss filed by Travelers and PSF, as well as Plaintiffs' related motions for leave to file a second amended complaint and for injunctive relief. Finally, the Court will tie up some loose ends with respect to Eureka and B&S that are not explicitly the subject of any currently pending motions.

## II. DISCUSSION

### A. Motion to Remand (Doc. 17)

A lawsuit that has been filed in state court may be removed to federal court if it originally could have been brought in federal court. See 28 U.S.C. § 1441(a). One of those bases for federal-court jurisdiction exists when there is complete diversity of state citizenship between the parties to a lawsuit with over $75,000 in controversy. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). "In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed." Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

However, "a plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy,'" whose joinder would destroy complete diversity among the parties. See Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011) (quoting Chesapeake & Ohio Ry. Co. v. Cockrell, 232

U.S. 146, 152 (1914)). "Fraudulent joinder" is "an exception to the complete diversity rule," which "occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *Id.* The removing defendant bears the burden of showing by a preponderance of the evidence that jurisdiction is proper, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *See id.* But "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original).

Here, Plaintiffs' Amended Complaint names two allegedly non-diverse defendants: Eureka, and B&S. The word "allegedly" is used here because Travelers and Plaintiffs disagree on whether Eureka even still exists, as well as on whether it is a resident of Arkansas or Texas (if it does exist). Although those disputes pose interesting questions, the Court need not resolve them because, even assuming for the sake of argument that Eureka exists and is an Arkansas resident, there is no reasonable basis in fact or law to support Plaintiffs' claim against it.

The only cause of action asserted against Eureka anywhere in the Amended Complaint is "Cause of Action No. 6," which is styled "A Contingent Claim Against Eureka Woodworks." *See* Doc. 4, p. 19. The Amended Complaint does not specify any particular theory of liability for this "contingent claim." Instead, it simply states:

> In the event this court or any other rules against Parker Law Firm and Tim [P]arker with respect to any claims or counterclaims of PSF against Tim Parker and/or Parker Law Firm, then in such event Tim Parker and Parker Law Firm pray for judgment over against Eureka Woodworks for reimbursement of any and all monies paid by Tim [P]arker or Parker Law Firms to PSF by virtue of the contract at issue.

*Id.* at ¶ 58.

But even if the Amended Complaint did specify some legal theory under which Plaintiffs might be entitled to such relief, it is obvious that they do not actually intend to pursue it, and that instead they are simply colluding with their former client to construct a sham controversy for the purpose of defeating removal. Plaintiffs served Eureka with the summons and complaint in this case on January 17, 2019, *see* Doc. 8, but the deadline for Eureka to answer or respond has long since passed with no filing being made or appearance even being entered on its behalf. And yet, Eureka's president has seen fit during that period to sign an Affidavit for Plaintiffs to present to this Court in support of their arguments for remand. *See* Doc. 16. Plaintiffs, for their part, have not sought entry of default or pursued a default judgment against Eureka even though Eureka's deadline to respond to the complaint has passed. "Actual fraud—*e.g.*, a plaintiff colluding with a nondiverse defendant to defeat removal—suffices to establish fraudulent joinder . . . ." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1251 (D.N.M. 2014) (citing *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)).

Plaintiffs' claim against B&S, the other non-diverse party, is no more reasonably founded in fact and law than its claim against Eureka. The Amended Complaint only asserts one cause of action against B&S: "Cause of Action No. 1," which is styled "Breach of Contract, a Claim Against Travelers and Bare and Swett." *See* Doc. 4, p. 15. But B&S plainly is not a party to the contract at issue in this case, which is simply between Plaintiffs

(the insured) and Travelers (the insurer); B&S is merely the insurance agency that sold the policy to Plaintiffs. *See* Doc. 1-2, p. 16; Doc. 4, ¶¶ 26–28, 40. Indeed, the Amended Complaint's factual allegations regarding breach are concerned *exclusively* with Travelers. *See, e.g.*, Doc. 4, ¶ 41 ("To date, Travelers has failed and refused to honor its contractual obligation under the aforementioned insurance contract . . . ."), ¶ 42 ("As a direct proximate result of this breach by Travelers . . ."). It is of course axiomatic that a claim for breach of contract requires "the existence of an enforceable contract between the plaintiff and defendant." *Smith v. Eisen*, 97 Ark. App. 130, 139 (2006). In the absence of any such contract between Plaintiffs and B&S, it is clear that there is no reasonable basis in fact or law to support Plaintiffs' claim for breach of contract against B&S.

Thus, B&S, like Eureka, has been fraudulently joined. Complete diversity of citizenship indisputably exists between all parties who have not been fraudulently joined in this case. Therefore, Plaintiffs' Motion to Remand is denied.

### B. Motions to Dismiss (Docs. 11 and 26), Motion for Leave to File Amended Complaint (Doc. 49), and Motion for Injunctive Relief (Doc. 51)

Having established that jurisdiction is proper, the Court will now proceed to consider the motions to dismiss filed by Travelers and PSF. The Motion filed by Travelers is very easily addressed, because there is no substantive legal or factual difference between the instant claims against Travelers and those which this Court dismissed in the prior Parker lawsuit. In that lawsuit this Court dismissed, *inter alia*, these Plaintiffs' claims against Travelers for breach of contract and for injunctive relief—the same two claims that Plaintiffs bring against Travelers in the instant case, predicated on the same payments, the same insurance policy, and the same New York Litigation. None of the

7

salient alleged facts are any different this time around. No previously missing contractual clauses have surfaced. The Court grants Travelers's Motion to Dismiss this time for the same reasons it granted Travelers's last one. The Court will not rehash that entire discussion here, but instead would direct interested readers to that prior Opinion and Order, the reasoning and findings of which it adopts in full for purposes of the instant matter. *See generally Parker Law Firm v. Travelers Indem. Co.*, 2018 WL 3999826 (W.D. Ark. Aug. 21, 2018). And since it is now clear after this second lawsuit that there are no new facts that can be alleged to save Plaintiffs' claims against Travelers, those claims will be dismissed with prejudice.

PSF's Motion to Dismiss will require a bit more discussion because this time, unlike in the previous lawsuit, Plaintiffs have actually asserted causes of action against PSF. Specifically, Plaintiffs bring claims against PSF for declaratory judgment, breach of contract, and abuse of civil process. These claims are all premised on the contention that PSF was contractually precluded from initiating the New York Litigation against Plaintiffs. Plaintiffs ask this Court to rule that the New York Supreme Court erred by ordering them and PSF to arbitrate PSF's claims; and they ask this Court to hear issues on the merits that they have been ordered to arbitrate. Relatedly, Plaintiffs have filed a motion asking this Court to enjoin PSF from pursuing binding arbitration pursuant to the New York Supreme Court's prior order. *See* Doc. 51. Indeed, Plaintiffs' counsel explicitly stated during oral argument on April 9, 2019 that they were seeking to collaterally attack the New York Supreme Court's ruling in the New York Litigation.

In essence, Plaintiffs are attempting to take an appeal in this Court from the New York Supreme Court's order directing the parties to arbitration. But that would violate the

*Rooker-Feldman* doctrine, which takes its name from the United States Supreme Court cases of *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. The doctrine precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal, as well as more common claims which are 'inextricably intertwined' with state court decisions." *King v. City of Crestwood, Mo.*, 899 F.3d 643, 647 (8th Cir. 2018) (quoting *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004)) (internal citations and quotation marks omitted). It "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). That is precisely the situation here: there is no way for this Court to reach Plaintiffs' claims against PSF without finding that the New York Supreme Court was incorrect in ruling that the parties must arbitrate these matters.

If Plaintiffs wanted to appeal the New York Supreme Court's decision, then they should have done so in the appellate courts of the State of New York. *This* Court is not an appropriate forum for reviewing and rejecting the New York Supreme Court's arbitration order. Accordingly, PSF's Motion to Dismiss is granted, and Plaintiffs' Motion for Injunctive Relief Preventing PSF from Pursuing Binding Arbitration is denied. Because the *Rooker-Feldman* doctrine is jurisdictional in nature, and because Plaintiffs' claims

against PSF implicate issues that may potentially be raised in the aforementioned arbitration proceedings, Plaintiffs' claims against PSF will be dismissed without prejudice.

The only remaining pending motion is Plaintiffs' Motion for Leave to File Amended Complaint. The proposed second amended complaint offered in support of that contains seven claims against Travelers and PSF, all of which suffer from the same fatal pleading deficiencies described above. Therefore, that Motion is denied.

### C. Dismissal of Claims against Eureka and B&S

There is still the matter of what to do with the claims against Eureka and B&S. The Court has already found, in Section II.A *supra*, that there is no reasonable basis in fact or law to support the claims against those two entities as alleged in the Amended Complaint. That would be sufficient grounds to dismiss those claims; but the docket does not reflect any pending motions to dismiss by either of those parties.

As already mentioned above, Eureka has been served with the complaint but has never filed any responsive pleading at all. B&S has also been served, and has filed an Answer to the Amended Complaint. *See* Doc. 37. The Eighth Circuit has held that a district court may dismiss a complaint *sua sponte* for failure to state a claim, so long as the dismissal does not precede service of process, and so long as adequate notice and an opportunity to respond has been provided. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Here, this Court has not provided formal notice of its intent to dismiss Plaintiffs' claims against Eureka and B&S *sua sponte* for failure to state a claim. But the Court nevertheless finds that Plaintiffs have received adequate notice and an opportunity to respond with respect to such issues, because the issues of fraudulent joinder have already been extensively briefed, and by logical necessity a complaint must fail to state a

claim with respect to any claim for which there is no reasonable basis in fact or law. Accepting all allegations in the Amended Complaint as true and viewing them in the light most favorable to Plaintiffs, it nevertheless "is patently obvious the plaintiff[s] could not prevail" on their claims against Eureka and B&S "based on the facts alleged in the complaint." *See id.* Accordingly, those claims will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Travelers Indemnity Company's Motion to Dismiss (Doc. 11) and Defendant PS Finance, LLC's Motion to Dismiss (Doc. 26) are both **GRANTED**, and Plaintiffs Parker Law Firm's and Tim Parker's Motion to Remand to State Court (Doc. 17), Motion for Leave to File Amended Complaint (Doc. 49), and Motion for Immediate and Permanent Injunctive Relief Preventing PSF from Pursuing Binding Arbitration (Doc. 51) are all **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Travelers Indemnity Company are **DISMISSED WITH PREJUDICE**, and that Plaintiffs' claims against PS Finance, LLC Eureka Woodworks, Inc., and Bare and Swett Agency, Inc. are **DISMISSED WITHOUT PREJUDICE**. As there are no remaining claims, the Clerk of the Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED** on this 25th day of June, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

11